George Santini WSB#5-1992
Ross & Santini, LLC
2402 Pioneer Avenue
Cheyenne, WY 82001
(307) 632-8957
(307) 632-8960 (fax)
george@ross-santini.com

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

2020 JUN 30 PM 1:00

MARGARET BOTKINS, CLERK
CHEYENNE

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| HARRY L. BEAVER, Jr., and PAM BEAVER, | ) ) ) ) ) |
| Plaintiffs, | ) ) ) |
| vs. | ) ) Doc.: 20-cv No.: 118-R ) |
| K & B TRANSPORTATION, INC., | ) ) ) |
| Defendant. | ) ) |

## COMPLAINT

Harry L. Beaver, Jr., acting by and through his attorneys, states as follows for his Complaint in the above entitled matter:

1. Harry L. Beaver, Jr., is a resident of West Virginia. He brings this action for his grievous permanently disabling injuries.

2. On information and belief, K & B Transportation, Inc.("KB"), is a Nebrasksa corporation engaged in the business of interstate trucking with its principal place of business in South Sioux City, Nebraska. At all times relevant hereto Jennifer L. Harvey ("Harvey") was operating a truck in the employ and in the course and

scope of her employ by KB. Said truck was owned, operated and/or operating under the placard and/or ICC/DOT numbers of KB.

3. This Court has diversity jurisdiction over the claims pursuant to 28 U.S.C. § 1332 as this is an action between citizens of different states and the amount in controversy for the injuries to Harry L. Beaver, Jr., greatly exceeds seventy-five thousand dollars ($75,000.00), exclusive of interest and costs.

4. Venue is proper in the District under 28 U.S.C. § 1391(a)(2) as a substantial part of the matters, events and omissions giving rise to the claims occurred in the District of Wyoming.

## FACTS

5. Shortly before noon on March 16, 2018, Harry L. Beaver, Jr.("Harry"), was lawfully stopped in his truck eastbound on I-80 near in the City of Laramie, Wyoming.

6. Harry had the right of way as he was stopped for vehicles in front of him that were stopped due to a vehicular crash. Road conditions were very slick, snowy and icy.

7. Harvey was driving eastbound on I-80 to the rear of Harry in a semi-tractor with a heavily loaded trailer owned and operated by Defendant, KB.

8. K & B Transportation, Inc., employed Harvey and owned the semi-tractor/trailer.

9. Harvey failed to stop or slow to a stop and collided with the rear end of Harry's truck causing damages and injuries.

10. Harvey did not brake soon enough or stop until after she had collided with Harry's truck and driven a considerable distance beyond the point of impact.

11. Harvey was either distracted, drove at an excessive rate of speed, failed to slow down to accommodate for weather conditions, failed to slow down to accommodate for traffic conditions or chose not to brake sooner before she approached Harry's truck.

12. Harvey had both time and distance to stop before striking Harry's vehicle but chose not to do so.

13. Harry sustained multiple injuries including, but not limited to, severely an injury to his left knee, neck and pancreas, bruises and abrasions on multiple sites as a result of collision.

14. As a result of said injuries, Plaintiff has received, and in the future will continue to receive, medical and hospital care and treatment and asserts a claim for the reasonable value of said past and future care and treatment.  Plaintiff has also been forced to miss time from his regular employment and has had lost income due to the damage to his vehicle.  Plaintiff's injuries are such that he may have to retire early and thereby lose additional income.  Plaintiff has been impaired in his earning capacity and has been permanently disfigured.

**FIRST CLAIM FOR RELIEF – NEGLIGENCE – VICARIOUS LIABILITY**

15. Plaintiff realleges the allegations above and below and incorporates them by reference.

16. Defendant, K & B Transportation, Inc., had a duty to use reasonable care while

operating a commercial motor vehicle and a duty to select, train and monitor its employees to make sure they were competent to safely drive trucks in a safe fashion, to slow down on slick and icy roads, to slow down to accommodate other traffic, to slow down to accommodate unsafe roadway conditions caused by inclement weather, and to keep a proper lookout for others using the roadway.

17. K & B Transportation, Inc., breached its duties when it hired Harvey without properly screening her for driver skills and history, failed to properly train Harvey and/or failed to properly monitor Harvey's driving practices. Such resulted in the crash as described above.

18. The breach of duties caused injuries and damages to Harry.

19. As Harvey was acting within the scope and course of her employment with K & B Transportation, Inc., when she negligently caused damages and injuries, K & B Transportation, Inc., is vicariously liable for Harvey's negligence.

**SECOND CLAIM FOR RELIEF – NEGLIGENT HIRING**

20. Plaintiff realleges the allegations above and below and incorporate them by reference.

21. K & B Transportation, Inc., had a duty to exercise ordinary care when it hired Harvey.

22. K & B Transportation, Inc., breached its duty of ordinary care when it hired Harvey.

23. KB's breach of its duty of ordinary care when it hired Harvey played a

substantial part in bringing about Harry L. Beaver, Jr.'s, injuries and damages.

### THIRD CLAIM FOR RELIEF – NEGLIGENT TRAINING

24. Plaintiff realleges the allegations above and below and incorporates them by reference.

25. K & B Transportation, Inc., had a duty to exercise ordinary care when it trained Harvey.

26. KB breached its duty of ordinary care when it improperly trained Harvey.

27. KB's breach of its duty to use ordinary care when training Harvey played a substantial part in bringing about Harry L. Beaver, Jr.'s, injuries and damages.

### FOURTH CLAIM FOR RELIEF – NEGLIGENT ENTRUSTMENT

28. Plaintiff realleges the allegations above and below and incorporates them by reference.

29. K & B Transportation, Inc., supplied, directly or through a third person, the semi-tractor and trailer Harvey was operating.

30. KB knew or had reason to know that Harvey was likely to use the semi-tractor and trailer in a manner involving an unreasonable risk of physical harm to others whom KB should expect to be endangered by its use.

31. KB knew or should have known that Harvey was not competent to use the semi-tractor and trailer.

32. KB's negligent entrustment of its semi-tractor and trailer to Harvey played a substantial part in bringing about Harry L. Beaver, Jr.'s, injuries and damages.

### FIFTH CLAIM FOR RELIEF – NEGLIGENT SUPERVISION

33. Plaintiff realleges the allegations above and below and incorporate them by reference.

34. In the alternative, if Harvey was not acting within the course and scope of her employment with K & B Transportation, Inc., then Harry alleges that K & B Transportation, Inc., had a duty to control Harvey to prevent her from conducting herself so as to create an unreasonable risk of bodily harm to Harry L. Beaver, Jr.

35. Harvey was using a chattel of K & B Transportation, Inc., namely, KB's semi-tractor and trailer.

36. KB knew or had reason to know it had the ability to control Harvey.

37. K & B Transportation, Inc., knew or should have known of the necessity and opportunity for exercising such control over Harvey.

38. KB's breach of its duty to control Harvey played a substantial part in bringing about Harry L. Beaver, Jr.'s, injuries and damages.

## EXEMPLARY DAMAGES

39. Plaintiff realleges the allegation above and below and incorporate them by reference.

40. KB and Harvey's willful and wanton misconduct caused injuries and damages to Harry L. Beaver, Jr.

41. Harvey was unfit to drive the semi-tractor and trailer and K & B Transportation, Inc., was reckless in employing or retaining her to do so.

42. KB or a managerial agent of K & B Transportation, Inc., ratified or approved of

Harvey's manner of operating the semi-tractor and trailer.

43. Harvey was employed as a manager of the semi-tractor and trailer and was acting within the scope and course of her employment when she caused Harry L. Beaver, Jr.'s, injuries and damages.

44. As a result of the above, KB is liable for Harvey's willful and wanton misconduct.

## COMPENSATORY DAMAGES

45. Plaintiff realleges the allegations above and below and incorporate them by reference.

46. As a result of Harvey's and KB's conduct, Harry L. Beaver, Jr., is permanently partially disabled and disfigured, suffered medical expenses in the past and will in the future, suffered loss of enjoyment of life in the past and will in the future, endured pain, suffering and emotional distress, and will in the future, sustained a reduction in his earnings and earnings capacity in the past and will in the future.  Harry is also permanently disfigured as a result of his injuries.

**WHEREFORE**, Harry respectfully requests that the Court enter a judgment awarding him his damages as proven at trial, his costs in bringing this action and such further and other relief as the Court deems just and equitable.

## LOSS OF CONSORTIUM

47. Plaintiff realleges the allegations above and below and incorporate them by reference.

48. That at all times relevant hereto, Pam Beaver was and remains the spouse of

Harry. In that capacity, Pam Beaver was dependent on Harry for her support and services.

49. That as a direct and proximate result of the above, Pam Beaver has suffered and shall continue to suffer a loss of her support and services due to the above injuries to her husband.

**WHEREFORE**, Pam Beaver respectfully requests that the Court enter a judgment awarding her damages as proven at trial, her costs in bringing this action and such further and other relief as the Court deems just and equitable.

**DATED** this 29 day of June, 2020.

_____
George Santini